IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 07-CV-01938-REB-BNB

GAIL JENSEN,

    Plaintiff,

vs.

FAMFIRST HOME BUILDERS, INC., a Colorado corporation;
RIDEMORE ENTERPRISES, INC., a Colorado corporation; and
JOEL A. MAHNKE,

    Defendants.

## PLAINTIFF'S FED. R. CIV. P. 26(a)(2) EXPERT DISCLOSURE

Plaintiff, Gail Jensen ("Plaintiff"), by and through her attorneys, The Nelson Law Firm, LLC, and pursuant to Fed. R. Civ. P. 26(a)(2), hereby designates the following experts:

**A.** **Peter Marxhausen, P.E.**, Higgins & Associates, Inc., 16474 Willow Wood Court, Morrison, CO 80464; 303-972-4300

Peter Marxhausen is a professional and licensed consulting structural engineer and an expert in the field of structural engineering.

### 1. Curriculum Vitae, Testimony History and Fee Schedule:

Mr. Marxhausen's curriculum vitae, testimony history and fee schedule for legal services are attached hereto as **Exhibit 1** and incorporated herein by reference.



## 2. Statement of Opinions and Bases Therefor:

The opinions of Mr. Marxhausen relate to the design and construction of the real property that is the subject of this lawsuit, 2950 Great Plains Drive, Grand Junction, Colorado. During his deposition testimony and/or at trial, Mr. Marxhausen will express opinions as to design and/or construction defects present at the subject residence and the repairs necessary to remedy those defects. Mr. Marxhausen may also opine on the standard of care for structural engineering and construction required in Colorado at the time the subject home was designed and constructed. Further, Mr. Marxhausen will testify regarding the repairs necessary to bring the home into compliance with the applicable building code, the original plans and specifications and to make the home structurally sound. Finally, Mr. Marxhausen will address and rebut specific opinions raised by the other parties' experts.

Mr. Marxhausen will testify based upon his education, training and experience, and background, and to the extent that he is called upon to offer opinions at trial, those opinions will be offered to a reasonable degree of engineering probability. The opinions of Mr. Marxhausen are more fully set forth in his reports of September 10, 2007 and November 18, 2008, which are appended hereto as **Exhibits 2** and **3**, respectively, and incorporated herein by reference. If requested, Mr. Marxhausen may also give testimony by deposition and at trial, at which time he would be expected to offer further detail surrounding his opinions. Mr. Marxhausen may also offer further and additional testimony and opinions depending upon the course of discovery and disclosure and additional investigation. He may offer opinions that are different and in addition to those expressed in his reports depending upon evidence that is adduced at trial. Mr. Marxhausen may testify in rebuttal to any witness, expert or lay, or other evidence introduced by

the parties at trial. Plaintiff will supplement these disclosures with a copy of any additional reports prepared by and opinions offered by Mr. Marxhausen, if necessary.

### 3. Data or Other Information Considered:

The opinions of Mr. Marxhausen are based upon his inspection of the real property that is the subject of this lawsuit, 2950 Great Plains Drive, Grand Junction, Colorado. His opinions are also based upon meetings and telephone conferences with parties and counsel, his review of other expert reports, various disclosure documents, photographs, plans, and other related documents previously produced by the parties, many of which are identified in his aforementioned reports. The opinions of Mr. Marxhausen are based upon his background, education, training and experience.

Without limiting the foregoing, Mr. Marxhausen has reviewed the following documentation in connection with his work on this case:

    a.    Final Subsurface Soils Exploration prepared by Edward Morris, P.E. of Lincoln DeVore dated February 20, 2003;

    b.    Architectural, structural, and plumbing plans for 2950 Great Plains Drive prepared by Ridemore Enterprises, Inc. dated May 6, 2005. Structural plans are stamped by Joseph P. Foster, P.E.;

    c.    Home inspection report prepared by Mr. John Schumacher of Residential Commercial Inspections dated May 18, 2006;

    d.    Site and Structure Evaluation of the Jensen Property prepared by Edward Morris, P.E. of Lincoln DeVore dated June 26, 2006;

    e.    Mesa County Assessor Parcel Report dated June 21, 2006;

    f.    White Water Building Materials Invoice Numbers 86489 and 86641 for the foundation concrete at the Jensen property dated July 2007;

    g.    Defendant Famfirst Homebuilders, Inc., Ridemore Enterprises, Inc., and Joel Mahnke's Fourth Supplemental Disclosures with attached purchase orders and work orders;

    h.    Final Geologic Review and Soils Engineering Report Red Tail Ridges Filing 2 prepared by Capstone Enterprises West, LLC dated July 14, 2006; and

    i.    Deposition of Joel A. Mahnke dated September 30, 2008.

Since discovery in this case is incomplete and ongoing, Mr. Marxhausen will continue to review additional documentation in connection with his work on this case including, but not limited to, transcripts of depositions and additional documents produced by the parties to this action.

    **B.**    **Jon L. Wagener**, Palace Construction Co. Inc., 7 South Galapago Street, Denver, CO 80223; 303-777-7999

Jon L. Wagener is the Chief Operations Officer for Palace Construction Co., Inc. and an expert in the construction industry, including all phases of residential, commercial and structural repair. Mr. Wagener's expertise includes extensive work as a project manager and estimator.

### 1. Curriculum Vitae, Testimony History and Fee Schedule:

Mr. Wagener's curriculum vitae, testimony history and fee schedule for legal services are attached hereto as **Exhibit 4** and incorporated herein by reference.

### 2. Statement of Opinions and Bases Therefor:

The opinions of Mr. Wagener relate to the scope of work and estimated cost of repairs, based on Mr. Marxhausen's report and specifications, for the real property that is the subject of this lawsuit, 2950 Great Plains Drive, Grand Junction, Colorado. During his deposition testimony and/or at trial, Mr. Wagener will express opinions as to scope of work needed to remedy construction defects present at the subject residence and the cost of the repairs necessary

4

to remedy those defects. Further, Mr. Wagener will testify regarding the cost of the repairs necessary to bring the home into compliance with the applicable building code and the original plans and specifications and to make the home structurally sound. Finally, Mr. Wagener will address and rebut specific opinions raised by the other parties' experts.

Mr. Wagener will testify based upon his education, training and experience, and background, and to the extent that he is called upon to offer opinions at trial, those opinions will be offered to a reasonable degree of probability. The opinions of Mr. Wagener are more fully set forth in his report of November 24, 2008, which is appended hereto as **Exhibit 5** and incorporated herein by reference. If requested, Mr. Wagener may also give testimony by deposition and at trial, at which time he would be expected to offer further detail surrounding his opinions. Mr. Wagener may also offer further and additional testimony and opinions depending upon the course of discovery and disclosure and additional investigation. He may offer opinions that are different and in addition to those expressed in his reports depending upon evidence that is adduced at trial. Mr. Wagener may testify in rebuttal to any witness, expert or lay, or other evidence introduced by the parties at trial. Plaintiff will supplement these disclosures with a copy of any additional reports prepared by and opinions offered by Mr. Wagener, if necessary.

### 3. Data or Other Information Considered:

The opinions of Mr. Wagener are based upon his inspection of the real property that is the subject of this lawsuit, 2950 Great Plains Drive, Grand Junction, Colorado. His opinions are also based upon meetings and telephone conferences with parties and counsel, his review of other expert reports, various disclosure documents, photographs, plans, and other related

documents previously produced by the parties. The opinions of Mr. Wagener are based upon his background, education, training and experience.

Without limiting the foregoing, Mr. Wagner has reviewed the following documentation in connection with his work on this case:

> a. Mr. Marxhausen's report entitled Structural Evaluation – Jensen Property dated September 10, 2007; and
>
> b. Mr. Marxhausen's report entitled Structural Evaluation – Second Supplemental Report – Jensen Property dated November 18, 2008.

Since discovery in this case is incomplete and ongoing, Mr. Wagener will continue to review additional documentation in connection with his work on this case including, but not limited to, transcripts of depositions and additional documents produced by the parties to this action.

**C.** **Andrew J. Eisinger**, Senior Geologist, Colorado Engineering and Geotechnical Group, Inc., 950 S. Interstate 25, Castle Rock, CO 80104; 303-688-9475

Mr. Eisinger is a professional and licensed consulting geologist and an expert in the field of geology and geotechnical engineering.

### 1. Curriculum Vitae, Testimony History and Fee Schedule:

Mr. Eisinger's curriculum vitae and testimony history are attached hereto as **Exhibit 6** and incorporated herein by reference. Mr. Eisinger's compensation is $150 per hour for expert testimony.

### 2. Statement of Opinions and Bases Therefor:

The opinions of Mr. Eisinger relate to the condition of the soils present at the real property that is the subject of this lawsuit, 2950 Great Plains Drive, Grand Junction, Colorado.

During his deposition testimony and/or at trial, Mr. Eisinger will express opinions as to his testing and analysis of the soils present at the subject residence and to the suitability of the design and construction of the foundation for the subject residence. Mr. Eisinger may also opine regarding the load bearing capacities of the soil. Finally, Mr. Eisinger will address and rebut specific opinions raised by the other parties' experts.

Mr. Eisinger will testify based upon his education, training and experience, and background, and to the extent that he is called upon to offer opinions at trial, those opinions will be offered to a reasonable degree of geological probability. The opinions of Mr. Eisinger are more fully set forth in his report of November 18, 2008, which is appended hereto as **Exhibit 7** and incorporated herein by reference. If requested, Mr. Eisinger may also give testimony by deposition and at trial, at which time he would be expected to offer further detail surrounding his opinions. Mr. Eisinger may also offer further and additional testimony and opinions depending upon the course of discovery and disclosure and additional investigation. He may offer opinions that are different and in addition to those expressed in his reports depending upon evidence that is adduced at trial. Mr. Eisinger may testify in rebuttal to any witness, expert or lay, or other evidence introduced by the parties at trial. Plaintiff will supplement these disclosures with a copy of any additional reports prepared by and opinions offered by Mr. Eisinger, if necessary.

### 3. Data or Other Information Considered:

The opinions of Mr. Eisinger are based upon his inspection of the real property that is the subject of this lawsuit, 2950 Great Plains Drive, Grand Junction, Colorado. His opinions are also based upon meetings and telephone conferences with parties and counsel, his review of other expert reports, various disclosure documents, photographs, plans, and other related documents

previously produced by the parties, many of which are identified in his aforementioned reports. The opinions of Mr. Eisinger are based upon his background, education, training and experience.

Since discovery in this case is incomplete and ongoing, Mr. Eisinger will continue to review additional documentation in connection with his work on this case including, but not limited to, transcripts of depositions and additional documents produced by the parties to this action.

**D.     Gregory B. Taylor**, Certified Public Accountant, 390 South Kline Street, Lakewood, CO 80226; 303-987-8999

Gregory Taylor is a professional and licensed certified public accountant and an expert in the field of accounting.

### 1. Curriculum Vitae, Testimony History and Fee Schedule:

Mr. Taylor's curriculum vitae, testimony history and fee schedule for legal services are attached hereto as **Exhibit 8** and incorporated herein by reference.

### 2. Statement of Opinions and Bases Therefor:

The opinions of Mr. Taylor are related to Plaintiff's economic damages resulting from the construction defects at the property that is the subject of this lawsuit, 2950 Great Plains Drive, Grand Junction, Colorado. During his deposition testimony and/or at trial, Mr. Taylor will express his opinion that the construction defects at the subject property were a significant contributing factor in Plaintiff's filing for Chapter 13 bankruptcy in December 2007. Further, Mr. Taylor will testify regarding future economic damages Plaintiff will suffer as a result of the

construction defects at the subject property. Finally, Mr. Taylor will address and rebut specific opinions raised by the other parties' experts.

Mr. Taylor will testify based upon his education, training and experience, and background, and to the extent that he is called upon to offer opinions at trial, those opinions will be offered to a reasonable degree of accounting probability. The opinions of Mr. Taylor are more fully set forth in his report of November 24, 2008, which is appended hereto as **Exhibit 9** and incorporated herein by reference. If requested, Mr. Taylor may also give testimony by deposition and at trial, at which time he would be expected to offer further detail surrounding his opinions. Mr. Taylor may also offer further and additional testimony and opinions depending upon the course of discovery and disclosure and additional investigation. He may offer opinions that are different and in addition to those expressed in his reports depending upon evidence that is adduced at trial. Mr. Taylor may testify in rebuttal to any witness, expert or lay, or other evidence introduced by the parties at trial. Plaintiff will supplement these disclosures with a copy of any additional reports prepared by and opinions offered by Mr. Taylor, if necessary.

### 3. Data or Other Information Considered:

The opinions of Mr. Taylor are based upon meetings and telephone conferences with parties and counsel, and his background, education, training and experience.

Without limiting the foregoing, Mr. Taylor has reviewed the following documentation in connection with his work on this case:

      a.    Plaintiff's personal tax returns for 2004, 2005, 2006 and 2007; and

      b.    Plaintiff's bankruptcy pleadings.

9

Since discovery in this case is incomplete and ongoing, Mr. Taylor will continue to review additional documentation in connection with his work on this case including, but not limited to, transcripts of depositions and additional documents produced by the parties to this action.

### NON-RETAINED EXPERTS

1.  **Ed Morris, P.E.**, Grand Junction Lincoln DeVore, Inc., 1441 Motor Street, Grand Junction, CO 81505; 970-242-8968

Mr. Morris prepared the Final Subsurface Soils Exploration report dated February 20, 2003 (Jensen 058 – 088), and a report dated June 26, 2006 (Jensen 175 – 179), both of which are incorporated herein by reference.

2.  **John Schumacher**, 540 S. Broadway, Grand Junction, CO 81507; 970-241-5184

Mr. Schumacher is a State of Colorado certified house inspector and a licensed general contractor. He inspected the subject residence on at least three occasions and has concluded that that there are construction defects existing within the house, as more particularly identified in his report dated May 18, 2006, a copy of which is attached hereto as **Exhibit 10** and which is incorporated herein by reference.

3.  **Joseph P. Foster, P.E.**, 552 Court Road, Grand Junction, CO 81501; 970-243-9819

Mr. Foster is a retired naval engineer who designed structural plans that were used by the Defendants for the design and construction of the subject property. Mr. Foster will testify that the foundation of the subject residence was not built according to his plans and specifications.

DATED this 8th day of December, 2008.

Respectfully submitted,

_____
Mark W. Nelson
The Nelson Law Firm, LLC
1722 Humboldt Street
Denver, CO 80218
Tel: 303-861-0750
Fax: 303-861-0751
mark@nelsonlawfirm.net
Attorneys for Plaintiff

-and-

Devi Yorty, Esq.
Hall & Evans, LLC
1125 - 17th Street, Suite 600
Denver, Colorado 80202

*Attorneys for Plaintiff*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on the 8th day of December, 2008, I served the foregoing **PLAINTIFF'S FED. R. CIV. P. 26(a)(2) DISCLOSURE** via email to the following:

Christopher McAnany, Esq.
Dufford, Waldeck, Milburn & Krohn, LLP
744 Horizon Court, #300
Grand Junction, CO 81506
mcanany@dwmk.com
*Attorneys for Defendants FamFirst Homebuilders, Inc., Ridemore Enterprises, Inc. and Joel Mahnke*

_____

11