**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Robert E. Blackburn**

Civil Case No. 07-cv-01938-REB-BNB

GAIL JENSEN,

    Plaintiff,

v.

FAMFIRST HOME BUILDERS, INC., a Colorado corporation,
RIDEMORE ENTERPRISES, INC., a Colorado corporation, and
JOEL A. MAHNKE,

    Defendants.

## ORDER CONCERNING MOTIONS FOR SUMMARY JUDGMENT

**Blackburn, J.**

This matter is before me on the following motions: (1) **Defendants' [Amended] Memorandum of Law in Support of Motion for Partial Summary Judgment on Consumer Protection Act Claim** [#80][1]; and (2) **Defendants' [Amended] Memorandum of Law in Support of Motion for Partial Summary Judgment on Consequential Damage Claim** [#82], both filed February 6, 2009. The plaintiff filed a response [#83] that addresses both motions, and the defendants filed a reply [#89] that addresses both responses. I deny the motion addressing the consumer protection act claim. I grant in part and deny in part the motion concerning the consequential

---

[1] "[#80]" is an example of the convention I use to identify the docket number assigned to a specific paper by the court's electronic case filing and management system (CM/ECF). I use this convention throughout this order.

damages claim.[2]

## I.  JURISDICTION & CONTROLLING LAW

I have jurisdiction over this matter under 28 U.S.C. § 1332 (diversity).  The plaintiff asserts claims under the law of the State of Colorado.  Colorado law controls the resolution of the substantive issues in this diversity case.  ***Erie Railroad Co. v. Tompkins***, 304 U.S. 64, 78 (1938); ***Royal Maccabees Life Insurance Co. v. Choren***, 393 F.3d 1175, 1180 (10th Cir. 2005).  Federal law controls procedural issues.  ***See, e.g., Sims v. Great American Life Ins. Co.***, 469 F.3d 870, 877 (10th Cir. 2006).

## II.  STANDARD OF REVIEW

Summary judgment is proper when there is no genuine issue as to any material fact and the movant is entitled to judgment as a matter of law.  **FED.R.CIV.P.** 56(c); ***Celotex Corp. v. Catrett***, 477 U.S. 317, 322, 106 S.Ct. 2548, 2552, 91 L.Ed.2d 265 (1986).  A dispute is "genuine" if the issue could be resolved in favor of either party.  ***Matsushita Electric Industrial Co., Ltd. v. Zenith Radio Corp.***, 475 U.S. 574, 586 (1986); ***Farthing v. City of Shawnee***, 39 F.3d 1131, 1135 (10th Cir. 1994).  A fact is "material" if it might reasonably affect the outcome of the case.  ***Anderson v. Liberty Lobby, Inc.***, 477 U.S. 242, 248 (1986); ***Farthing***, 39 F.3d at 1134.

A party who does not have the burden of proof at trial must show the absence of a genuine fact issue.  ***Concrete Works, Inc. v. City & County of Denver***, 36 F.3d 1513, 1517 (10th Cir. 1994), ***cert. denied***, 514 U.S. 1004 (1995).  Once the motion has

---

[2] The issues raised by and inherent to the motions for partial summary judgment are fully briefed, obviating the necessity for evidentiary hearing or oral argument. Thus, the motions stand submitted on the papers. *Cf.* **FED. R. CIV. P. 56(c)** and **(d)**. *Geear v. Boulder Cmty. Hosp.,* 844 F.2d 764, 766 (10th Cir.1988) (holding that hearing requirement for summary judgment motions is satisfied by court's review of documents submitted by parties).

been properly supported, the burden shifts to the nonmovant to show, by tendering depositions, affidavits, and other competent evidence, that summary judgment is not proper. **Concrete Works**, 36 F.3d at 1518. All the evidence must be viewed in the light most favorable to the party opposing the motion. ***Simms v. Oklahoma ex rel Department of Mental Health and Substance Abuse Services***, 165 F.3d 1321, 1326 (10th Cir.), **cert. denied**, 528 U.S. 815 (1999). However, conclusory statements and testimony based merely on conjecture or subjective belief are not competent summary judgment evidence. ***Rice v. United States***, 166 F.3d 1088, 1092 (10th Cir.), ***cert. denied***, 528 U.S. 933 (1999); ***Nutting v. RAM Southwest, Inc.***, 106 F.Supp.2d 1121, 1123 (D. Colo. 2000).

### III.  FACTS

The plaintiff, Gail Jensen, bought a lot and home from defendant Famfirst Homebuilders, Inc. The home was constructed by defendant Ridemore Enterprises, Inc. Defendant Joel Mahnke is president of both Famfirst and Ridemore.

Jensen claims that the house has a variety of severe construction defects, including defects caused by expansive soils, and that the defendants failed and refused to remedy those defects. In her amended complaint [#22], the Jensen asserts six claims under Colorado law: (1) negligence; (2) breach of implied warranty; (3) violations of the Colorado Consumer Protection Act; (4) negligent misrepresentation; (5) non-disclosure or omission; and (6) breach of contract. In its motions for partial summary judgment, the defendants argue that they are entitled to judgment on Jensen's claim under the Colorado Consumer Protection Act, and certain of Jensen's claims for consequential damages. Additional facts are discussed below.

### IV.  COLORADO CONSUMER PROTECTION ACT

I have reviewed carefully the parties' briefs and exhibits related to the defendants' motion for partial summary judgment on the plaintiff's claim under the Colorado Consumer Protection Act (CCPA).  I find that there are genuine issues of material fact relating to this claim.  Even assuming *arguendo* that the defendants may be entitled to judgment on this claim or certain aspects of this claim, it is not mandatory that I grant partial summary judgment.  **See *Powell v. Radkins***, 506 F.2d 763, 765 (5th Cir.), ***cert. denied***, 423 U.S. 873 (1975) (even when there are no material disputed issues of fact as to some issues or claims, a trial court may deny summary judgment as to portions of the case that are ripe for summary judgment).  The plaintiff's CCPA claim and her other claims are similar to each other, the theories of liability are intertwined, and the claims and counterclaims present concatenated issues of fact and law.  The piecemeal resolution of the issues raised by the parties will not significantly simplify or extenuate the evidence at trial.  Accordingly, the defendants' motion for summary judgment on Jensen's CCPA claim should be denied.

## V.  CONSEQUENTIAL DAMAGES

The defendants assert that they are entitled to judgment as a matter of law on Jensen's claims for consequential damages based on (1) loss of business income / damage to reputation; (2) personal bankruptcy; and (3) emotional distress and mental anguish.

### A.  Loss of Business Income & Damage to Reputation

The plaintiff owned two businesses while she lived in the house.  First, she distributed a publication using the trade name "Coffee News."  This business was operated by an entity formed by Jensen, Western Slope News, LLC.  Jensen sold her Coffee News business to a business partner in 2007, for approximately 14,000 dollars.

The buyer later defaulted on his payments to Jensen. Jensen testified at her deposition that she has no recollection of the income generated by the Coffee News when she was operating the business. *Motion for summary judgment* [#82], Jensen deposition, p. 181. She testified that she had records of the income generated by the business, *Id.*, but she does not cite any such records in response to the defendants' motion for summary judgment. In her response, Jensen cites an operations manual for Coffee News franchises that includes projected profits. *Response* [#83], Exhibit 12. She cites also a 2007 tax form concerning the Coffee News. *Motion for summary judgment* [#82], Exhibit C. Exhibit C shows a loss for Coffee News in 2007 amounting to 4,581.00 dollars.

Second, Jensen started a hair salon business under the trade name, Shabby Chic. Jensen operated this business from October, 2006, through August, 2007. In 2007, Jensen sold this business to a buyer for 21,600.00 dollars. The buyer later defaulted on payments of the purchase price and filed bankruptcy. The plaintiff cites no evidence demonstrating the income, expenses, or profits generated by Shabby Chic.

The defendants argue that the evidence in the record is not sufficient to establish damages based on lost profits from these two businesses. Rather, the defendants argue, such damages are speculative.

> Damages sustained by a business must relate to loss of net profits; they may not be speculative, remote, imaginary, or impossible of ascertainment. Such profits are anticipated profits that have their foundation in the past experience of the concern that suffered the loss. Proof of lost gross profits is not sufficient; expenses of operation must be shown to establish net profits.

*Carder, Inc. v. Cash*, 97 P.3d 174, 185 (Colo.App. 2003).

> In determining whether existence of damage has been established, damages must be reasonably certain by competent proof, and one factor

5

> is whether the business opportunity was real, tangible and one which was founded on the actual activities or past experience of the plaintiff's particular business.

***Employment Television Enterprises, LLC v. Barocas*** 100 P.3d 37, 43 -44 (Colo.App. 2004) (citing ***Western Cities Broadcasting, Inc. v. Schueller***, 849 P.2d 44, 50 (Colo. 1993)).

The evidence cited by the plaintiff provides no basis to estimate or determine gross profits, expenses, or net profits for either Coffee News or Shabby Chic. The projections in the operations manual for Coffee News franchises are, in essence, guesses without any basis grounded in the actual operation of the business. The 2007 tax form concerning Coffee News, the only evidence cited by the plaintiff that demonstrates the actual income and expenses of the business, shows a loss. *Motion for summary judgment* [#82], Exhibit C. The plaintiff cites no evidence on which and estimate of net profits for Shabby Chic can be based.

In her response, the plaintiff argues also that damage to her "business reputation in the healthcare industry" also provides a basis for damages. *Response*, p. 7. After moving out of the house, Jensen returned to her career in the healthcare industry. She says she can establish "lost wages and opportunities" she has suffered "due to the strain of prolonged attempts to remedy the problems with her Home." *Id.*, pp. 7 - 8. She cites Exhibit 11, Interrogatory No. 9. However, the plaintiff's Exhibit 11, interrogatory number 9 provides no support for this contention.

Viewing the evidence in the record in the light most favorable to Jensen, I conclude that lost profits for Coffee News and Shabby Chic are speculative, remote, imaginary, and impossible of ascertainment. To the extent she asserts damage to her "business reputation in the healthcare industry" as a basis for lost profits damages, such

damages also are speculative, remote, imaginary, and impossible of ascertainment. Thus, the defendants are entitled to summary judgment on the plaintiff's claim for consequential damages based on loss of business income and damage to reputation.

## B. Personal Bankruptcy

The plaintiff filed a petition for bankruptcy protection in December, 2007. She claims that the defendants' wrongful acts forced her to file bankruptcy and have caused certain adverse consequences that have resulted from her bankruptcy. The defendants argue that they are entitled to summary judgment on the plaintiff's claims for damages based on the adverse consequences of her bankruptcy filing. The defendants argue that the discrimination the plaintiff claims to have suffered as a result of her bankruptcy is unforeseeable, that the bankruptcy was a choice made by the plaintiff and not an action caused by the defendants' actions, that there were several intervening causes, and that the plaintiff could have avoided bankruptcy had she accepted the defendants' offer to purchase the house from the plaintiff.

I find that there are genuine issues of material fact relating to the plaintiff's claim for damages based on her bankruptcy filing. However, it appears that some aspects of this element of the plaintiff's damages claim are extremely attenuated. Again, however, even if the defendants may be entitled to judgment on this claim or certain aspects of this claim, it is not mandatory that I grant partial summary judgment. **See Powell v. Radkins**, 506 F.2d 763, 765 (5th Cir.), **cert. denied**, 423 U.S. 873 (1975) (even when there are no material disputed issues of fact as to some issues or claims, a trial court may deny summary judgment as to portions of the case that are ripe for summary judgment). Accordingly, the defendants' motion for summary judgment on Jensen's claim for consequential damages tied to her bankruptcy filing will be denied for reasons

7

of judicial economy.

### C. Emotional Distress & Mental Anguish

Jensen asserts a claim for damages for pain and suffering and emotional distress. In discovery, Jensen was asked to produce records from health care providers documenting any care she received for the conditions on which she relies to support her claim for emotional distress damages. Jensen has not produced any such treatment records and has asserted the physician - patient privilege.[3] The defendants argue that they are entitled to judgment on the Jensen's claim for damages for emotional distress and mental anguish based on Jensen's refusal to provide these records.

Jensen argues that she has not waived the physician - patient privilege by asserting a claim for emotional distress damages. She relies primarily on ***Johnson v. Trujillo***, 977 P.2d 152, 157 (Colo. 1999). In ***Johnson***, the plaintiff, Elizabeth Johnson, had suffered physical injuries in a car accident. Johnson sought damages in tort for her physical injuries, including damages for mental anguish and emotional distress. After the accident, Johnson and her husband received marriage counseling and, while her lawsuit was pending, Johnson was receiving treatment for depression from a psychiatrist. The defendant sought in discovery production of Johnson's treatment records, including records of her marriage counseling and her treatment by her psychiatrist. Johnson refused to produce these records, asserting the physician - patient and psychotherapist - patient privilege.[4]

The Colorado Supreme Court held that Johnson had not waived the privileges by

---

[3] The existence and application of privilege is determined in accordance with state law. Fed.R.Evid. 501. The physician-patient privilege is found at §13-90-107(1)(d), C.R.S.

[4] The psychotherapist-client privilege is found at §13-90-107(1)(g), C.R.S.

8

seeking damages for mental anguish and emotional distress.

> Johnson is a tort plaintiff who asserts, like many others in her position, generic claims for damages for mental suffering incident to her physical injuries. As it happens, Johnson has sought counseling for some <u>unrelated</u> emotional issues at various times in her life. Johnson has not made any independent tort claims for either intentional or negligent infliction of emotional distress, in which the question of liability would turn on her mental condition and the cause of it. She did not seek counseling for any emotional issues <u>related</u> to the accident. She does not seek compensation for the expenses incurred in obtaining either psychiatric counseling or marriage counseling. And finally, she does not plan to call any expert witnesses to testify about her mental suffering. Under these circumstances, we hold that bare allegations of mental anguish, emotional distress, pain and suffering, and loss of enjoyment of life are insufficient to inject a plaintiff's mental condition into a case as the basis for a claim where the mental suffering alleged is incident to the plaintiff's physical injuries and does not exceed the suffering and loss an ordinary person would likely experience in similar circumstances. Here, the mental suffering for which Johnson claims damages is incident to her physical injuries and does not exceed the suffering and loss an ordinary person would likely experience in similar circumstances. Thus, the trial court may not find an implied waiver of Johnson's physician-patient or psychotherapist-client privileges based on the fact that she has made these claims for mental suffering damages.

***Johnson v. Trujillo***, 977 P.2d 152, 157 (Colo. 1999) (emphasis added).

Jensen argues that, like Johnson, she is asserting a claim for emotional distress and mental anguish, but she does not seek compensation for the cost of her treatment and she will not seek to present expert testimony to substantiate these damages. Rather, Jensen argues that her claim for emotional distress and mental anguish is understandable without experts.  In this context, Jensen argues, she has not waived the physician - patient or psychotherapist - patient privilege.

One of the key considerations in ***Johnson*** was that Johnson's had sought counseling for emotional issues that the court concluded were not related to the physical injuries at issue in the case.  ***Id***.  On the current record, I cannot determine as a matter of law whether the treatment sought by Jensen for which she claims the

physician-patient privilege was related or unrelated to the other injuries at issue in this case.  Absent some basis in the record on which I can determine this key issue, I cannot conclude that the defendants are entitled to judgment as a matter of law on Jensen's claim for damages for emotional distress and mental anguish.  I note that the defendants did not file a motion to compel discovery on this issue, and the deadline for filing such a motion has passed.

### D.  Conclusion

The defendants are entitled to summary judgment on the plaintiff's claim for consequential damages based on loss of business income and damage to reputation.  In response to the defendants' motion for summary judgment, the plaintiff has not come forward with competent evidence in support of her claim for consequential damages based on loss of business income and damage to reputation.  On the other hand, the defendants are not entitled to summary judgment on the plaintiff's claims for damages related to her personal bankruptcy or her alleged emotional distress and mental anguish.

### VI.  ORDERS

**THEREFORE, IT IS ORDERED** as follows:

1.  That the **Defendants' [Amended] Memorandum of Law in Support of Motion for Partial Summary Judgment on Consumer Protection Act Claim** [#80] filed February 6, 2009, is **DENIED**;

2.  That the **Defendants' [Amended] Memorandum of Law in Support of Motion for Partial Summary Judgment on Consequential Damage Claim** [#82] filed February 6, 2009, is **GRANTED** as to the plaintiff's claim for consequential damages based on loss of business income and damage to reputation; and

3.  That the **Defendants' [Amended] Memorandum of Law in Support of Motion for Partial Summary Judgment on Consequential Damage Claim** [#82] filed February 6, 2009, is **DENIED** otherwise.

Dated May 26, 2009, at Denver, Colorado.

                                                   **BY THE COURT:**

*/s/ Robert E. Blackburn*
Robert E. Blackburn
United States District Judge