**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Robert E. Blackburn**

Civil Case No. 07-cv-01938-REB-BNB

GAIL JENSEN,

    Plaintiff,

v.

FAMFIRST HOME BUILDERS, INC., a Colorado corporation,
RIDEMORE ENTERPRISES, INC., a Colorado corporation, and
JOEL A. MAHNKE,

    Defendants.

**ORDER ON MOTION TO ENFORCE SETTLEMENT AGREEMENT
AND MOTION FOR CONFESSION OF JUDGMENT**

This matter is before me on the following: (1) **Plaintiff's D.C.Colo.LCivR 41.2 Motion To Administratively Re-Open Matter** [#115][1] filed August 21, 2009; (2) **Plaintiff's Motion To Enforce Settlement Agreement** [#113] [filed under seal] & [#116] [public entry for sealed document] filed August 21, 2009; and (3) plaintiff's **Unopposed Motion for Confession of Judgment** [#120] filed September15, 2009. Having the consent of the magistrate judge, and to streamline the resolution of these motions, I withdraw my reference to the magistrate judge of **Plaintiff's Motion To Enforce Settlement Agreement** [#113 & #116]. I grant all three motions.

On June 4, 2009, the parties entered into a settlement agreement. The settlement agreement provides, *inter alia*, that defendant Famfirst Home Builders, Inc.,

---

[1] "[#115]" is an example of the convention I use to identify the docket number assigned to a specific paper by the court's case management and electronic case filing system (CM/ECF). I use this convention throughout this order.

will pay to the plaintiff, Gail Jensen, 550,000 dollars. The agreement provides also that if Famfirst fails to pay Jensen 550,000 dollars under the terms of the agreement, then Famfirst will confess judgment to all claims for any deficiency in payment to Jensen. Famfirst has paid Jensen 125,000 dollars, but has failed to pay Jensen the additional amount due under the settlement agreement. Through its counsel, Famfirst has represented that Famfirst is unable to comply with the requirement that it pay to Jensen an additional 425,000 dollars. Under the terms of the settlement agreement, the plaintiff seeks also to recover all of her costs and attorney fees incurred in her efforts to enforce the settlement agreement.

     I find and conclude that the terms of the settlement agreement are sufficiently specific to constitute a contract and that the parties intended the settlement agreement to be a binding contract. Given Famfirst's failure to comply with the terms of the settlement agreement, an order enforcing the agreement is appropriate. Under the terms of the agreement, entry of judgment against Famfirst is also proper. I note that in her motion to enforce settlement agreement [#113 & #116], Jensen seeks to include in the judgment against Famfirst, as an item of costs, certain fees charged to her by her lender. Such amounts do not fall within the definition of costs found at 28 U.S.C. § 1920. To the extent Jensen seeks to include such amounts in the judgment as an item of costs, her motion to enforce the settlement agreement is denied. Finally, these circumstances demonstrate good cause to re-open this case for the purposes of enforcing the settlement agreement and entering judgment against Famfirst.

     I note finally that the parties' settlement agreement does not provide for the confession of judgment by defendants Ridemore Enterprises, Inc., a Colorado corporation, and Joel A. Mahnke. In this circumstance, I conclude that final judgment

should enter as to defendant Famfirst Home Builders, Inc., a Colorado corporation, even though currently there is not a basis for the entry of final judgment against the other two defendants.

After considering carefully all factors relevant to certification of a final judgment under Fed.R.Civ.P. 54(b) as codified and construed, *see*, e.g., **Oklahoma Turnpike Auth. v. Bruner**, 259 F.3d 1236 (10th Cir. 2001); **Stockman's Water Co., LLC v. Vaca Partners, L.P.**, 425 F.3d 1263 (10th Cir. 2005), I conclude and determine expressly (1) that there is no just reason for delay and (2) that the judgment should be certified as a final judgment. *See id.* at 1265; **Curtiss-Wright Corp. v. General Elec. Co.**, 446 U.S. 1, 7, 100 S.Ct. 1460, 64 L.Ed.2d 1 (1980). Entry of a final judgment will resolve fully and finally the only dispute between the plaintiff and defendant, Famfirst. This order and concomitant judgment constitute "an ultimate disposition of an individual claim entered in the course of a multiple claims action." **Oklahoma Turnpike Auth.**, 259 F.3d at 1242 (internal quotations and citations omitted). There is no just reason to delay possible appellate review of my discreet order concerning this discreet motion presenting a discreet claim until I have resolved conclusively all other pending claims and issues extant among the plaintiff and the other defendants. *See* **Oklahoma Turnpike Auth.**, 259 F.3d at 1242. In the circumstances of this case, there is no just reason for delay in entering final judgment as to Famfirst Home Builders, Inc.

**THEREFORE, IT IS ORDERED** as follows:

1. That **Plaintiff's D.C.Colo.LCivR 41.2 Motion To Administratively Re-Open Matter** [#115] filed August 21, 2009, is **GRANTED**;

2. That under D.C.COLO.LCivR 41.2, this case is **RE-OPENED**;

3. That, having the consent of the magistrate judge, I withdraw my reference to

the magistrate judge of **Plaintiff's Motion To Enforce Settlement Agreement** [#113] [filed under seal] & [#116] [public entry for sealed document] filed August 21, 2009;

    4. That to the extent the plaintiff seeks to include in the judgment, as an item of costs, certain fees charged to her by her lender, the **Plaintiff's Motion To Enforce Settlement Agreement** [#113] [filed under seal] & [#116] [public entry for sealed document] filed August 21, 2009 is **DENIED**;

    5. That otherwise the **Plaintiff's Motion To Enforce Settlement Agreement** [#113] [filed under seal] & [#116] [public entry for sealed document] is **GRANTED**;

    6. That the plaintiff's **Unopposed Motion for Confession of Judgment** [#120] filed September 15, 2009, is **GRANTED**;

    7. That **JUDGMENT SHALL ENTER** in favor of the plaintiff, Gail Jensen, against defendant, Famfirst Home Builders, Inc., a Colorado Corporation, in the amount of 425,000.00 dollars;

    8. That the judgment entered pursuant to this order is **CERTIFIED** to be a final judgment under Fed.R.Civ.P. 54(b); and

    9. That the plaintiff is **AWARDED** her costs as against defendant, Famfirst Home Builders, Inc., to be taxed by the Clerk of the Court pursuant to FED. R. CIV. P. 54(d)(1) and D.C.COLO.LCivR 54.1; and

    10. That under **D.C.COLO.LCivR 41.2**, the clerk is **DIRECTED** to close this civil action administratively, subject to reopening for good cause.

    Dated September 17, 2009, at Denver, Colorado.

    **BY THE COURT:**

*Bob Blackburn*
Robert E. Blackburn
United States District Judge