**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Robert E. Blackburn**

Civil Case No. 07-cv-01938-REB-BNB

GAIL JENSEN,

    Plaintiff,

v.

FAMFIRST HOME BUILDERS, INC., a Colorado corporation,
RIDEMORE ENTERPRISES, INC., a Colorado corporation, and
JOEL A. MAHNKE,

    Defendants.

## AMENDED ORDER ON MOTION TO ENFORCE SETTLEMENT AGREEMENT AND MOTION FOR CONFESSION OF JUDGMENT

**Blackburn, J.**

This matter is before me on the following: (1) **Plaintiff's Motion To Enforce Settlement Agreement** [#113][1] [filed under seal] & [#116] [public entry for sealed document] filed August 21, 2009; (2) plaintiff's **Unopposed Motion for Confession of Judgment** [#120] filed September 15, 2009; and (3) plaintiff's **Motion for Reconsideration of Order on Motion To Enforce Settlement Agreement and Motion for Confession of Judgment as it Pertains to Defendants Ridemore Enterprises Inc. and Joel A. Mahnke** [#122] filed September 28, 2009. I grant the motion for reconsideration, and I enter this amended order granting the motion to enforce settlement agreement and motion for confession of judgment.

---

[1] "[#113]" is an example of the convention I use to identify the docket number assigned to a specific paper by the court's electronic case filing and management system (CM/ECF). I use this convention throughout this order.

## I.  STANDARD OF REVIEW

I read the plaintiff's motion for reconsideration as a motion to correct a mistake in the court's order [#121] directing the entry of judgment in this case and in the resulting judgment [#123].  Under FED. R. CIV. P.  60(a), the court may correct a clerical mistake or a mistake arising from oversight or omission whenever such a mistake is found in a judgment.

## II.  ANALYSIS

In my **Order on Motion To Enforce Settlement Agreement and Motion for Confession of Judgment** [#121], I ordered the entry of judgment against defendant, Famfirst Homebuilders, Inc., based on the confession of judgment provision in the parties' settlement agreement.  I did not direct the entry of judgment against the other two defendants, Ridemore Enterprises, Inc., and Joel A. Mahnke, because I concluded

> that the parties' settlement agreement does not provide for the confession of judgment by defendants Ridemore Enterprises, Inc., a Colorado corporation, and Joel A. Mahnke.

*Order of Motion To Enforce Settlement Agreement and Motion for Confession of Judgment* [#121] entered September 28, 2009.  Judgment [#123] was entered against Famfirst on September 24, 2009.  In my order [#121], I directed that this case be closed administratively.

In her motion for reconsideration, the plaintiff notes a provision in the parties' settlement agreement that defines the term "Famfirst" to include all three of the defendants named in this case.  On this basis, the plaintiff asks that I reconsider my previous order [#121] and enter judgment against all three defendants.  Based on the settlement agreement's express definition of the term "Famfirst," and the other terms in the settlement agreement, I conclude that it is proper and necessary to enter judgment

2

against all three defendants.  Therefore, I grant the plaintiff's motion to reconsider, and I enter this amended order granting the plaintiff's motion to enforce settlement agreement and motion for confession of judgment Thus, I direct the entry of an amended judgment in this case.

On June 4, 2009, the parties entered into a settlement agreement.  The settlement agreement provides, *inter alia*, that the defendants will pay to the plaintiff, Gail Jensen, 550,000 dollars.  The agreement provides also that if the defendants fail to pay Jensen 550,000 dollars under the terms of the agreement, then the defendants will confess judgment to all claims for any deficiency in payment to Jensen.  The defendants have paid Jensen 125,000 dollars, but have failed to pay Jensen the additional amount due under the settlement agreement.  Through their counsel, the defendants have represented that they are unable to comply with the requirement that they pay to Jensen an additional 425,000 dollars.

I find and conclude that the terms of the settlement agreement are sufficiently specific to constitute a contract and that the parties intended the settlement agreement to be a binding contract.  Given the defendants' individual and joint failure to comply with the terms of the settlement agreement, an order enforcing the agreement is warranted.  Under the terms of the agreement, entry of judgment against all defendants also is proper and required.  I note that in her motion to enforce settlement agreement [#113 & #116], Jensen seeks to include in the judgment against the defendants, as an item of costs, certain fees charged to her by her lender.  Such amounts do not fall within the definition of costs found at 28 U.S.C. § 1920.  To the extent Jensen seeks to include such amounts in the judgment as an item of costs, her motion to enforce the settlement agreement is denied.   Finally, the circumstances described above demonstrate good

cause to re-open this case for the purposes of entering this amended order and directing the entry of an amended judgment against the defendants. *See* D.C.COLO.LCivR 41.2.

**THEREFORE, IT IS ORDERED** as follows:

1. That under D.C.COLO.LCivR 41.2, this case is **RE-OPENED**;

2. That the **Order on Motion To Enforce Settlement Agreement and Motion for Confession of Judgment** [#121] entered September 18, 2009, is **WITHDRAWN**;

3. That plaintiff's **Motion for Reconsideration of Order on Motion To Enforce Settlement Agreement And Motion for Confession of Judgment as it Pertains to Defendants Ridemore Enterprises Inc. and Joel A. Mahnke** [#122] filed September 28, 2009, which I construe and treat as a motion under F$_{\text{ED}}$. R. C$_{\text{IV}}$. P. 60(a), is **GRANTED**;

4. That, having the consent of the magistrate judge, I withdraw my reference to the magistrate judge of **Plaintiff's Motion To Enforce Settlement Agreement** [#113] [filed under seal] & [#116] [public entry for sealed document] filed August 21, 2009;

5. That **Plaintiff's D.C.Colo.LCivR 41.2 Motion To Administratively Re-Open Matter** [#115] filed August 21, 2009, is **GRANTED**;

6. That to the extent the plaintiff seeks to include in the amended judgment, as an item of costs, certain fees charged to her by her lender, the **Plaintiff's Motion To Enforce Settlement Agreement** [#113] [filed under seal] & [#116] [public entry for sealed document] filed August 21, 2009 is **DENIED**;

7. That otherwise the **Plaintiff's Motion To Enforce Settlement Agreement** [#113] [filed under seal] & [#116] [public entry for sealed document] is **GRANTED**;

4

8.  That the plaintiff's **Unopposed Motion for Confession of Judgment** [#120] filed September 15, 2009, is **GRANTED**;

9.  That an **AMENDED JUDGMENT SHALL ENTER** in favor of the plaintiff, Gail Jensen, and against the defendants, Famfirst Home Builders, Inc., a Colorado Corporation, Ridemore Enterprises, Inc., a Colorado Corporation, and Joel A. Mahnke, jointly and severally in the amount of 425,000.00 dollars;

10. That the plaintiff is **AWARDED** her costs as against defendant, Famfirst Home Builders, Inc., to be taxed by the Clerk of the Court pursuant to FED. R. CIV. P. 54(d)(1) and D.C.COLO.LCivR 54.1; and

11. That this case is **CLOSED**.

Dated October 8, 2009, at Denver, Colorado.

**BY THE COURT:**

*Bob Blackburn*
Robert E. Blackburn
United States District Judge

5